Shiloh HOBLEMAN, Plaintiff,

v.

KENTUCKY FRIED CHICKEN, KFC Usa, Inc., Restaurants 1997A, Inc., Ryan Johnson, and Does 1–10 Inclusive, Defendants.

No. 4:03CV3011.

United States District Court,
D. Nebraska.

May 8, 2003.

Theodore W. Vrana, Vrana Law Firm, Lincoln, NE, for Plaintiff.

Joel D. Nelson, Douglas J. Peterson, Keating, O'Gara Law Firm, Lincoln, NE, for Defendants.

## MEMORANDUM AND ORDER

KOPF, District Judge.

On April 3, 2003, the court entered a *sua sponte* order (filing 13) notifying the parties that it would decide, after allowing an opportunity for briefing, whether the complaint states one or more actionable claims for relief, and, if so, whether there is a

right to a jury trial on such claim(s). The matter now being ripe for decision,[1] the court finds that the plaintiff's complaint only states a claim for injunctive relief under Title III of the Americans with Disabilities Act, which will be tried to the court, sitting without a jury.

## I. Background

The plaintiff, who alleges that he is disabled and confined to a wheelchair, has brought this action for injunctive relief and damages against the owners and lessee of a commercial property located in Lincoln, Nebraska. He claims that the defendants' property fails to comply in several respects with the Americans with Disabilities Act Access Guidelines ("ADAAG"), as promulgated by the Department of Justice pursuant to 42 U.S.C. § 12186(b). *See* 28 C.F.R. Part 36, Appendix A. Specifically, the plaintiff alleges that he had difficulty entering into and utilizing the property because: (1) there is no designated "van accessible" parking space as required by ADAAG § 4.1.2(5)(b); (2) there is not an adequate parking space access aisle under ADAAG § 4.6.3; (3) there is not an unobstructed view of accessible parking space signage under ADAAG § 4.6.4; (4) "[b]athrooms do not have proper directional signage as required by ADAAG 4.30.7(d)"[2]; (5) "[b]athrooms do not have proper international symbol of access as required by ADAAG 4.30.6"[3]; (6) lavatories do not have proper insulated covers under ADAAG §§ 4.19.4 and 4.24.6; (7) lavatories do not have proper minimum apron clearance under ADAAG § 4.19.2; (8) lavatories do not have proper knee clearance under ADAAG § 4.19.2; (9) grab bars are at improper length under ADAAG § 4.17.6; (10) "grab bars are not at the proper extension in relation to the water closet in violation of ADAAG 4.17.6–1115B.8.1"[4]; (11) "grab bars are at improper distance from rear wall of bathroom" under ADAAG § 4.17.6; (12) "bathroom rear grab bar is at improper length" under ADAAG § 4.17.6; (13) "accessories and fixtures are improper height in violation of ADAAG 4.23.7"[5]; (14) the toilet stall is the improper size under ADAAG § 4.17.3; and (15) hardware on the toilet stall door is improper under ADAAG § 4.13.9. The plaintiff also alleges upon information and belief that other unspecified architectural barriers exist on the property. The plaintiff's complaint contains seven separately numbered "causes of action," each of which is based upon the defendants' alleged failure to comply with the ADAAG.

## II. Discussion

"When ruling on a motion to dismiss, a district court must accept the allegations contained in the complaint as true and must draw all reasonable inferences in favor of the nonmoving party. A complaint

1. Neither side has filed a brief in response to the court's order, however.

2. Complaint, ¶ 8(g). Section 4.30.7, which deals with symbols of accessibility, does not contain a subsection (d). General requirements regarding directional signs are provided in ADAAG §§ 4.1.2(7), 4.1.3(16), and 4.30.1.

3. Complaint, ¶ 8(h). Section 4.30.6 concerns the mounting location and height of signs. The international symbol of accessibility requirement is contained in ADAAG § 4.30.7(1).

4. Complaint, ¶ 8(j). ADAAG § 4.17.6 includes positioning requirements for grab bars. The court does not understand the plaintiff's reference to "1115B.8.1," but speculates that it is a stray reference to section 115B.8.1 of the California Building Code, *see* Cal.Code Regs, Title 24, which has no application here.

5. Complaint, ¶ 8(k). Section 4.23.7 concerns controls and dispensers in bathrooms, bathing facilities, or shower rooms. Controls and dispensers in toilet rooms are governed by ADAAG § 4.22.7.

shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of a claim entitling him to relief." *Young v. City of St. Charles,* 244 F.3d 623, 627 (8th Cir.2001) (citations omitted). "Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions." *Id.* (citations omitted). Each of the plaintiff's seven "causes of action" will be examined applying these standards.

### First Cause of Action

■ First, the plaintiff alleges that he "was subjected to discrimination in violation of 42 U.S.C. 12182(b)(2)(A)(ii)(iv); 42 USC 1981 and 42 U.S.C. section 12188 because Plaintiff was denied equal access to Defendants' existing facilities." Complaint, ¶ 14. In this regard, it is claimed that the defendants "failed to remove barriers as required by 42 U.S.C. 12182(a)" and "failed to have a scheme, plan, or design to assist Plaintiff and/or others similarly situated in entering and utilizing Defendants' services, as required by 42 U.S.C. section 12188(a)." Complaint, ¶¶ 16, 17. For relief on this "first cause of action," the plaintiff requests an award of damages, an injunction to enforce compliance with the Americans with Disabilities Act (ADA), and attorney fees under 42 U.S.C. § 12205. Complaint, ¶¶ 18–20.

"Title III of the ADA proscribes discrimination in places of public accommodation against persons with disabilities. *See* 42 U.S.C. § 12182(a). Discrimination includes "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities ... where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). "The ADA grants a private right of action for injunctive relief to, *inter alia,* 'any person who is being subjected to discrimination on the basis of disability.' 42 U.S.C. § 12188(a)(1)." *Steger v. Franco, Inc.,* 228 F.3d 889, 892 (8th Cir.2000).

"A person alleging discrimination under Title III must show (1) that he is disabled within the meaning of the ADA, (2) that the defendant is a private entity that owns, leases, or operates a place of public accommodation, (3) that the defendant took adverse action against the plaintiff that was based upon the plaintiff's disability, and (4) that the defendant failed to make reasonable modifications that would accommodate the plaintiff's disability without fundamentally altering the nature of the public accommodation. *See* 42 U.S.C. § 12182(a) and (b)(2)(A)(ii)." *Amir v. St. Louis University,* 184 F.3d 1017, 1027 (8th Cir.1999) (footnote omitted).

■ Plaintiff alleges that 42 U.S.C. § 1981 "is applicable to causes of action where persons with disabilities have been denied their civil rights." Complaint, ¶ 1(a). This is incorrect as a matter of law. *See Barge v. Anheuser–Busch, Inc.,* 87 F.3d 256, 258 (8th Cir.1996). Accordingly, all references to § 1981 in the plaintiff's "first cause of action" (*see* Complaint, ¶¶ 14, 16, 17) are unavailing.

Generally, on a motion to dismiss, the relevant inquiry is "not whether all of the relief asked for by the plaintiffs could be granted, but whether under any state of facts which might be established at a trial in support of the claim stated in the complaint, they could be accorded any relief." *Lada v. Wilkie,* 250 F.2d 211, 215 (8th Cir.1957). Under Fed.R.Civ.P. 39(a), however, the court may determine upon motion or of its own initiative whether a right

to trial by jury exists as to a particular issue. It is therefore appropriate to consider at this time the extent of the relief that might be available to the plaintiff under Title III of the ADA.

The remedies and procedures for private actions under Title III of the ADA are those set forth in 42 U.S.C. § 2000a–3(a).[6] *See* 42 U.S.C. § 12188(a)(1). The former section only authorizes "a civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order...." Thus, I find no authority which would permit an award of damages to the plaintiff, or require that a jury trial be held, under Title III of the ADA. As stated in *Dorsey v. City of Detroit,* 157 F.Supp.2d 729, 733 (E.D.Mich.2001):

> Title III of the ADA does not provide for monetary damages or, concomitantly, a jury trial, when the action is brought by a "person who is being subjected to discrimination." 42 U.S.C. § 12188(a)(2). [FN4] *See also Gonzales v. National Bd. of Med. Examiners,* 225 F.3d 620, 635 (6th Cir.2000) (Gilman, J., dissenting) (stating that it "appears doubtful" that Title III plaintiffs are entitled to jury trial as Title III permits only injunctive relief) (citing cases); *Smith v. Wal–Mart Stores, Inc.,* 167 F.3d 286, 293 (6th Cir.1999) (recognizing that Title III enforcement statute, 42 U.S.C. § 12188, which incorporates the remedies of 42 U.S.C. § 2000a–3(a), does not include money damages); *see also Fischer v. SJB P.D. Inc.,* 214 F.3d 1115, 1120 (9th Cir.2000) ("Monetary relief is not an option for private individuals under Title III of the ADA. As a result, a plaintiff who files an ADA claim can at most hope to improve access through an injunction."); *Jairath v. Dyer,* 154 F.3d 1280, 1283 n. 7 (11th Cir.1998) (noting that all parties agreed monetary damages are only available under Title III if cause of action initiated by Attorney General).

(Footnote omitted.) *See also Sigros v. Walt Disney World Co.,* 190 F.Supp.2d 165, 169 (D.Mass.2002) ("Compensatory damages are not available to private plaintiffs under Title III of the ADA.").

*Second Cause of Action*

For his "second cause of action," the plaintiff alleges that because the defendants "have individually and/or collectively denied plaintiff access to their premises, goods and services, [they] have denied him the right to make, enter into or enforce a contract and therefor have violated the provisions of 42 U.S.C.1991(sic)." Complaint, ¶ 23. Elsewhere in the "second cause of action" the plaintiff references 42 U.S.C. § 1981, and alleges that the Civil Rights Act of 1991 provides remedies for ADA violations. Complaint, ¶ 22.

As already discussed, disability claims are not cognizable under 42 U.S.C. § 1981. Because the plaintiff does not allege that he has been discriminated against on the basis of race, this claim will be dismissed.

*Third Cause of Action*

■ The plaintiff's "third cause of action" generally alleges that he "has been denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations," and that the

**6.** A jurisdictional issue that has been raised by parties in some cases is whether subsection (c) of 42 U.S.C. § 2000a–3 applies to private actions that are brought under Title III of the ADA, such that notice must be given to state or local authorities before suit can be brought. Most courts have held that the notice requirement does not apply. *See Botosan v. Paul McNally Realty,* 216 F.3d 827, 831–32 (9th Cir.2000) (collecting cases). Although the Eighth Circuit does not appear to have ruled upon this question, I expect that it would follow the majority rule.

defendants have failed "to provide a reasonable alternative to allow plaintiff equal access to their facility." Complaint, ¶¶ 28, 30.

I find no legal basis for this claim under either state or federal law, independent of the ADA. In several other cases brought against Lincoln businesses, the plaintiff has labeled his "third cause of action" as alleging a "violation of civil rights under Nebraska accessibility laws." To the extent that the plaintiff is here attempting to allege that the defendants have violated accessibility standards which have been promulgated under authority of Neb.Rev. Stat. § 81–5,147,[7] the claim fails because Nebraska law provides no private right of action.

### Fourth Cause of Action

■ The plaintiff's "fourth cause of action" essentially is a reiteration of the "first cause of action," but may be construed as an attempt to bring a "civil rights" claim under 42 U.S.C. § 1983. The plaintiff generally alleges that he has not been provided the same access to the defendants' facility as persons who are not disabled, and that the defendants have violated 42 U.S.C. § 12182(b)(2)(A)(iv). Complaint, ¶ 33.

■ Construing the plaintiff's "fourth cause of action" as a section 1983 claim, it fails for lack of the requisite allegation that the defendants were acting under color of state law.[8]

### Fifth Cause of Action

The plaintiff's "fifth cause of action," labeled "unfair and unlawful business practice," again alleges that the defendants "are in violation of the Americans With Disabilities Act ... and 42 USC 12181– 12183; 42 USC 1981; and 42 USC 12188." Complaint, ¶¶ 40, 41.

The plaintiff's "fifth cause of action" is indistinguishable from his ADA claim. Because the plaintiff has wholly failed to identify a distinct legal basis for claiming that the defendants engaged in an "unfair and unlawful business practice," this redundant claim will be dismissed.

### Sixth Cause of Action

■ Sixth, the plaintiff alleges that he is the victim of negligent infliction of emotional distress because the defendants breached "the legal duties proscribed (sic) by various federal and state statutes including, but not limited to, ADA, ADAAG." Complaint, ¶ 43.

■ As a prerequisite to a valid claim for negligent infliction of emotional distress, the plaintiff is required to show that a negligent act of the defendant proximately caused the plaintiff to suffer severe emotional distress. *Sell v. Mary Lanning Memorial Hosp.,* 243 Neb. 266, 271, 498 N.W.2d 522, 525 (1993). To be actionable, emotional distress must have been so severe that no reasonable person could have been expected to endure it. Furthermore, the emotional anguish or mental harm must be medically diagnosable and must be of sufficient severity that it is medically significant. *Id.*

The plaintiff alleges that he was "shocked, discouraged, embarrassed and outraged at the callousness and disregard of Defendants." (Complaint, ¶ 44.) This allegation is insufficient as a matter of law

---

**7.** This statute requires the State Fire Marshal to adopt standards which are consistent with the most current uniform guidelines under the ADA for newly-constructed buildings and alterations of existing buildings that are used by the public. Enforcement authority is provided in Neb.Rev.Stat. § 81–5,148.

**8.** Section 1983 claims against state actors for alleged ADA violations are also precluded by Title II's comprehensive remedial scheme. *See Alsbrook v. City of Maumelle,* 184 F.3d 999, 1011–12 (8th Cir.1999).

to state an actionable claim for negligent infliction of emotional distress, and shows that there is an insuperable bar to relief because the plaintiff claims to have suffered only minor indignities, as opposed to severe, medically diagnosable injuries.

### Seventh Cause of Action

■ Finally, the plaintiff alleges that the defendants are guilty of intentional infliction of emotional distress, and he requests an award of punitive damages. Complaint, ¶¶ 47–49.

■ To recover for intentional infliction of emotional distress, a plaintiff must prove the following: (1) that there has been intentional or reckless conduct, (2) that the conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and is to be regarded as atrocious and utterly intolerable in a civilized community, and (3) that the conduct caused emotional distress so severe that no reasonable person should be expected to endure it. *Brandon v. County of Richardson,* 261 Neb. 636, 656, 624 N.W.2d 604, 620–21 (2001). Regarding the second element of the tort, it is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous to permit recovery or whether it is necessarily so. *Id.,* 261 Neb. at 657, 624 N.W.2d at 621 (citing Restatement (Second) of Torts § 46, comment h. (1965)). Only if reasonable minds may differ does the fact finder then determine whether the conduct in a particular case is sufficiently extreme and outrageous to result in liability. *Id.* Whether conduct is extreme and outrageous is judged on an objective standard based on all the facts and circumstances of the particular case. *Id.*

I find as a matter of law that the defendants' alleged failure to adhere to the ADA's accessibility guidelines does not amount to "extreme and outrageous" conduct. As with the plaintiff's claim of negligent infliction of emotional distress, I also conclude that he has failed to allege an actionable injury.

### III. Conclusion

The plaintiff has stated an actionable claim for injunctive relief under Title III of the ADA, but in all other respects his complaint fails. Accordingly,

IT IS ORDERED that:

1.  The second, third, fourth, fifth, sixth, and seventh causes of action of the plaintiff's complaint are dismissed, pursuant to Fed.R.Civ.P. 12(h)(2), for failure to state a claim upon which relief can be granted;

2.  To the extent that the first cause of action may include a claim brought under 42 U.S.C. § 1981, such claim is also dismissed pursuant to Fed. R.Civ.P. 12(h)(2); and

3.  Pursuant to Fed.R.Civ.P. 39(a), any claim for damages in the first cause of action is stricken, and the remaining claim for injunctive relief under Title III of the ADA shall be tried to the court, sitting without a jury.